ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOANN CLAYTON
315 WEST MAHANOY AVE
GIRARDVILLE, PA 17035,
    Plaintiff

Vs.

ALAN R. MEGE, ESQUIRE
70 EAST BROAD STREET
BETHLEHEM, PA 18016
A/K/A
ALAN R. MEGE,
1550 BLEYLER STREET
HELLERTOWN, PA 18055-1118
    Defendant

3:CV 07-0118

Jury Trial Demanded

FILED
HARRISBURG
JAN 23 2007
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

# COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and Pennsylvania's Unfair Trade and Consumer Prtection Act, 73 PS 201, et. Seq., and Pennsylvania's Fair Credit Extension Uniformity Act, 73 PS 2270, et. Seq. All of the aforementioned statutes prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff is Joan Clayton, 315 West Mahanoy, Ave Girardville, PA 17035.

4. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

5. Plaintiff s a consumer Debtor as defined by the Pennsylvania Unfair Trade and Consume Protection Law, 73 PS 201 et. Seq, and theFiar Credit Extension Uniformity Act, 73 PS 2270, et. Seq.

6. Defendant is Alan R. Mege, Esquire, 70 East Broad Street, Bethlehem, PA 18016. Defendant's address is also listed as 1550 Bleyler Street, Hellertown, PA 18055.

7. Defendant is a debt collector as defined by the FDCPA.

8. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt, on behalf of his client, Commonwealth Financial Systems, a bill collector engaged in the practice of debt collection in Pennsylvania.

9. Defendant is a debt collector as defined by the as defined by the Pennsylvania Unfair Trade and Consume Protection Law, 73 PS 201 et. Seq, and theFiar Credit Extension Uniformity Act, 73 PS 2270, et. Seq.

## COUNT ONE: Violation of Fair Debt Collection Practices Act

10. Defendant purposely, knowing and intentionally violated the Fair Debt Collection Practices Act, 15 USC 1692, et. Seq, as evidenced by the attached exhibits. Defendant made false misrepresentations of law and fact, in an attempt to collect a consumer debt. To wit, the Defendant engaged in the following unlawful collection activity.

   a. Defendant sued Plaintiff on a debt that did not belong to Plaintiff, but belonged to belonged to her deceased husband instead.

   b. Defendant falsely stated that the judgment obtained by his client acted as a lien on any real property that Plaintiff owned, when in fact such judgment had not been recorded in the Prothonotary' office, and was therefore ot a lien on her real property.

   c. Defendant falsely stated that the judgment obtained by his client acted as a lien on any personal property that Plaintiff owned, when in fact such judgment had not passed the 30 day appeal period for District Court judgments, and was therefore not a lien on her personal property.

   d. Defendant falsely stated that he could levy Plaintiff's belongings in 20 days, if she did not pay the judgment, when in fact such judgment had not passed the 30 day appeal period for District Court judgments, and was therefore no levy could be executed.

   e. Demanded excessive attorney fees of $1480, more or less, not actually billed to Client. Such amount is commercially unreasonable according to state and / or federal consumer protection laws.

**COUNT TWO: Violation of PA Unfair Trade and Consumer Protection Law (73 PS 201 et. Seq.); and PA Fair Credit Extension Uniformity Act (73 PS 2270 et. Seq.)**

11. Defendant purposely, knowing and intentionally violated Pennsylvania Unfair Trade and Consumer Protection Law (73 ps 201 et. Seq.), and Pennsylvania Fair Credit Extension Uniformity Act (73 ps 2270 et. Seq.), as evidenced by the attached exhibits. Defendant made false misrepresentations of law and fact, in an attempt to collect a consumer debt. To wit, the Defendant engaged in the following unlawful collection activity.

   a. Defendant sued Plaintiff on a debt that did not belong to Plaintiff, but belonged to belonged to her deceased husband instead.

   b. Defendant falsely stated that the judgment obtained by his client acted as a lien on any real property that Plaintiff owned, when in fact such judgment had not been recorded in the Prothonotary' office, and was therefore not a lien on her real property.

   c. Defendant falsely stated that the judgment obtained by his client acted as a lien on any personal property that Plaintiff owned, when in fact such judgment had not passed the 30 day appeal period for District Court judgments, and was therefore not a lien on her personal property.

   d. Defendant falsely stated that he could levy Plaintiff's belongings in 20 days, if she did not pay the judgment, when in fact such judgment had not passed the 30 day appeal period for District Court judgments, and was therefore no levy could be executed.

   e. Demanded excessive attorney fees of $1480, more or less, not actually billed to Client. Such amount is commercially unreasonable according to state and / or federal consumer protection laws.

## DAMAGES

12. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, etc.

13. $38.00 appeal filing fee for District Court judgment.

14. $500.00 Statutory damages under PENNSYLVANIA UNFAIR TRADE AND COMSUMER PROTECTION ACT (73 PS 201, ET.SEQ) AND THE FAIR CREDIT EXTENSION UNIFORMITY ACT (73 PS 2270), ET. SEQ.

15. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

16. Attorney fees of $2,000.00 at a rate of $250.00 per hour. Services include but not limited to consultation with client, legal research, Document compilation, drafting of complaint, document processing, travel time to federal court, service of process, correspondence with defendant, asset search, etc.

17. Plaintiff's attorney fees continue to accrue as the case move forward.

18. Plaintiff(s) demand(s) punitive damages against Defendant in the amount of $10,000.00 for anxiety, harassment and intimidation because the acts committed by Defendant were willful, wanton and intentional.

## OTHER RELIEF

19. Plaintiff also seeks an injunction against further unlawful collection activity.

20. Plaintiff seeks declaratory relief.

21. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

Wherefore, plaintiff demands judgment against defendant in the amount of $13,539.00. (actual damages, statutory damages, attorney fees and punitive damages). Plaintiff also seeks declaratory and injunctive relief, and such other relief as this honorable Court may deem appropriate.

_Vicki Piontek_  1-22-07
Vicki Piontek, Esquire         Date
Attorney for Plaintiff
24 West Governor Road
Hershey, PA  17033
717-533-7472
Fax:  717-533-7472
palaw@justice.com