**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOANN CLAYTON,

    Plaintiff,

    v.

ALAN R. MEGE, ESQ.,

    Defendant.

NO. 3:07-CV-00118

(JUDGE CAPUTO)

### MEMORANDUM ORDER

Presently before the Court is Plaintiff Joann Clayton's Complaint against Defendant Alan R. Mege, Esq. (Doc. 1.) Plaintiff has also filed an Affidavit/Declaration in Support of Request to Proceed *In Forma Pauperis*. (Doc. 6.)

Section 1915 of Title 28 of the United States Code provides a two-step process for reviewing *in forma pauperis* (IFP) petitions. The Third Circuit Court of Appeals has made it clear that district courts should first consider a litigant's financial status and determine whether she is eligible to proceed *in forma pauperis*, before assessing the complaint under section 1915 to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *U.S. v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits). Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). However, leave to proceed *in forma pauperis* is discretionary with the court, and "there

exists no fixed net worth which disqualifies a party as a pauper." *Id*. (citations omitted). "Yet, the mere assertion of poverty does not serve as a substitute for indigency." *Id*.

In her IFP Affidavit, Plaintiff describes her financial situation as follows. Ms. Clayton is presently employed at a doctor's office and takes home $1,100 per month. (Doc. 6 ¶ 1(a).) She receives $775 per month from her deceased husband's pension, and $1,060 per month in veteran's compensation, also for her deceased husband. (*Id*. ¶ 2.) Plaintiff has a checking account which contains, as of February 28, 2007, $130.00. (*Id*. ¶ 3.) Plaintiff describes the fair market value of her home as $20,000, and claims that she has a $17,000 mortgage thereon, with monthly payments of $290.00. (*Id*. ¶ 4.) Ms. Clayton owns two vehicles with a combined blue-book value of approximately $9,700, and owes a combined $7,151.00 thereupon. (*Id*.) Plaintiff has two daughters, one who lives at home and cannot work due to illness, and another in college. The daughter living at home is in the process of applying for Social Security Disability benefits, but currently is dependent solely on Plaintiff. The daughter in college requires a payment of $300.00 monthly for health insurance, and additional assistance with school-related costs. (*Id*. ¶ 5.)

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that she does not qualify for IFP status. According to the Court's calculation, Plaintiff has a total income of approximately $2,935.00 per month. Although Plaintiff pays a monthly mortgage payment of $290.00, makes payments on two vehicles, and has two daughters who depend on her financially to a various extent, the Court can not find that payment of the filing fee would present Plaintiff with an undue

hardship or deprive her or her family of life's necessities.  *See Adkins*, 335 U.S. at 339.

Accordingly, Plaintiff's motion to proceed IFP will be denied without considering the merits of her Complaint.  Plaintiff will be given thirty days in which to pay the appropriate filing fee.  If she does not do so within that time period, Plaintiff's Complaint will be dismissed without prejudice, and the Clerk of Court will be ordered to mark this case closed.

**NOW**, this   19th   day of March, 2007, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 6) is **DENIED.**

(2)   Plaintiff shall have thirty (30) days to pay the appropriate filing fee.

(3)   If Plaintiff fails to pay the appropriate filing fee within thirty (30) days, Plaintiff's Complaint (Doc. 1) will be dismissed without prejudice, and the Clerk of the Court shall mark this matter **CLOSED**.

        /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge